CLOSE & STEWART *v.* UNITED STATES

No. 5021.—Invoices dated Calgary, Canada, August 8 1939.
Entered at Spokane, Wash., August 30, 193?.
Entry No. 31 S.

(Decided October 9, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,*
special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of certain medicinal preparations exported from Canada and entered at the subport of Spokane, Wash., on August 30, 1939.

In order to make foreign-market value, the appraiser advanced the value of each item on the invoice; but at the trial counsel for the plaintiffs confined the issue to the first two invoice items described as "Boxes Harris' Wondro Capsules" and "Bottles Harris' Wondro."

Also, counsel for the respective parties have stipulated—

that the freely offered, wholesale market value at which the Harris' Laxico in bottles was sold or offered for sale in Canada, at or about the time of this exportation, in usual wholesale quantities, was $3.00 per dozen bottles.

The plaintiffs contend that the sales at wholesale in Canada of Harris' Wondro Capsules and Harris' Wondro in bottles always included an equal quantity of Harris' Laxico for which latter no charge was made.

Plaintiffs' Exhibit 1, an affidavit of George Harris, Sr., sole owner of the manufacturing firm, states:

3. That in all sales or offers of sale at wholesale prices of one dozen of Harris' Wondro Capsules or one dozen bottles of Harris' Wondro, it is the practice of my firm to include with each dozen packages of the said Capsules or bottles, an equal quantity of one ounce bottles of Harris' Laxico at no extra charge.

Plaintiffs' Exhibit 2, an affidavit of B. Bertrand, manager of a firm carrying on a wholesale drug business in the city of Calgary in the Province of Alberta, Canada, states:

2. That this Company has purchased from George Harris, Sr., of the City of Calgary, in the Province of Alberta, the medicinal preparations manufactured by him for many years, and for at least the period of a year preceding the 30th day of August, A. D. 1939, there has been included with each dozen packages of Harris' Wondro in bottles or Harris' Wondro Capsules, an equal quantity of one ounce bottles of Harris' Laxico, at no extra charge over the wholesale price of the Harris' Wondro alone.

The defendant offered the testimony of Fred H. Bradt, customs agent, who testified that he had made an investigation of the business of said manufacturer and interviewed its president, George Harris. Concerning said interview the witness testified:

Q. Did you have any conversation with him relative to Laxico and Wondro, in bottles and capsules?—A. Yes, sir.

Q. Tell the court exactly what that conversation was?—A. Mr. Harris volunteered the information in connection with the sales of Wondro in capsules and liquid form, that with each sale he gave as a gift a bottle of Laxico with the bottle of Wondro in the liquid form—in no capsule form.

Q. Did he tell you that that was always given with every bottle of Wondro?— A. Yes; that was a gift.

Q. And that it was a gift?—A. Yes, sir. The records, however, of transactions did not mention Laxico. For instance a sale of Wondro was just a sale of Wondro; but he said that would be included as a gift.

He further testified that he had made an original and also a supplemental report following his investigation, neither of which was offered in evidence herein.

While the record establishes that the seller included as a gift to the purchaser a quantity of Harris' Laxico in each sale and shipment of Harris' Wondro Capsules and Harris' Wondro in bottles, it does not contain any proof as to what might be the value of either the Wondro Capsules or the Wondro in bottles. That the exporter under certain conditions presented the purchaser with a gift is wholly immaterial. Such gift merchandise has an independent value of $3 per dozen bottles, as stipulated between counsel, and which I find to be the foreign and dutiable value of said Harris' Laxico.

As to all other items involved I find the foreign and dutiable values to be those found by the appraiser.

Judgment will be rendered accordingly.